IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSEPH LEE LINDSEY, JR.,                                                      PLAINTIFF
ADC #132800

v.                                  No. 4:11CV00360 JLH

LEROY BROWNLEE, Chairman,
Arkansas Parole Board, et al.                                       DEFENDANTS

### ORDER OF DISMISSAL

Plaintiff, Joseph Lee Lindsey, Jr., is a prisoner in the Wrightsville Unit of the Arkansas Department of Correction. He has commenced this *pro se* § 1983 action alleging that Defendants, all of whom are members of the Arkansas Parole Board, violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the case will be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

Plaintiff alleges that, on January 27, 2011 and February 20, 2011, Defendants violated his Fourteenth Amendment right to due process of law when they deferred making a parole decision until after he completed the Substance Abuse Treatment Program. *See* docket entry #2.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," *Id.*, "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63, 127 S. Ct. 1955, 1965-69 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)). Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Plaintiff has failed to state a viable § 1983 claim for two reasons.  First, it is well settled that parole board members are entitled to absolute immunity in considering and deciding parole questions.  *See Deloria v. Lightenberg*, 400 Fed. App'x 117 (8th Cir. 2010); *Ambrose v. Schultz*, 215 Fed. App'x 564 (8th Cir. 2007); *Figg v. Russell,* 433 F.3d 593, 598 (8th Cir. 2006); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996).

Second, a prisoner has a liberty interest in parole, and thus a right to due process of law, only if the state statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms.  *See Board of Pardons v. Allen,* 482 U.S. 369, 373-81 (1987); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979).  The Eighth Circuit has held that the Arkansas parole statutes are purely discretionary and do not establish any right to release on parole which would invoke due process protection.  *Hamilton v. Brownlee,* 237 Fed. App'x 114 (8th Cir. 2007); *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984).

IT IS THEREFORE ORDERED THAT:

1. Pursuant to the screening process mandated by 28 U.S.C. § 1915A, this case is DISMISSED, WITH PREJUDICE,  for failing to state a claim upon which relief may be granted.

2. Dismissal CONSTITUTES a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of May, 2011.

J. Leon Holmes
UNITED STATES DISTRICT JUDGE